478

21820.   STATE HIGHWAY DEPARTMENT et al.
v. IVEY, Executrix.

Argued October 8, 1962—Decided November 8, 1962.
Rehearing denied November 19, 1962.

*Eugene Cook, Attorney General, Carter Goode, Paul Miller, Assistant Attorneys General, Phillip Benson Ham,* for plaintiff in error.

*W. B. Mitchell,* contra.

DUCKWORTH, Chief Justice. The evidence on the trial is in conflict as to the location of the right of way of the main highway and the connecting or access roads, and the boundary between the plaintiff's property and that purchased from him for highway purposes. In particular the Highway Department claims Line "B" used by the engineer for the plaintiff in his measurements was not the center line of this frontage or access road and that the evidence does not support the verdict. However, the testimony of the engineer as to the location of Line "B" which he testified was the center line of the access road and used to make his measurements for the boundary along some of the property and from which he determined that the proposed highway fence was being constructed so as to encroach upon the plaintiff's property, while controverted by the testimony of the engineers for the Highway Department, was sufficient for the jury to make a decision in favor of the plaintiff. Consideration of the plats discloses that they are not all in the brief but referred to as attached to the amended petition as exhibits. Brief examination of these plats as well as the single plat submitted as an exhibit by the defendants prevents this court from ruling that the evidence demands a finding for the defendant, although had the evidence been presented in such a way that the measurements of the petitioner's witnesses were completely refuted such could be done. While resembling each other, the plat attached to the deed and as an exhibit to the amended petition and the plat which the highway witnesses testify is the same, are not the same because certain additions or changes are apparent thereon, hence we refuse to reverse the lower court on this evidence alone. But even so, there was other evidence as to other portions of the boundary and con-

480

flicting evidence as to the drainage easement, and if there is any evidence to support the verdict it will not be reversed on the general grounds alone.

*Judgment affirmed. All the Justices concur.*